JULIA BISHOP, Respondent, *v.* J. SHERWOOD CORNING, Appellant.

*Delivery of a bank book and the execution of a paper in "part payment of the loss" by a fire caused by the son of the party making the delivery — when it constitutes neither a voluntary payment on a compromise nor a gift.*

Where the wife of a farm laborer, ignorant of her legal rights, upon being requested by her husband's employer to make recompense for the loss of some buildings which had been destroyed by fire, copies and signs a paper left with her by the employer, reciting that her son having unintentionally set fire to the buildings, she, of her own free will, desires to make "part payment of the loss" sustained by such act, and delivers such paper, together with a bank book, to the employer, such transfer of the bank book cannot be supported on the ground of a voluntary payment, as the agreement and transfer were not made in satisfaction of a claim which could properly have been made the subject of a compromise or which was of doubtful validity, but were made because of

some supposed liability where none existed, and where no claim of right could have been asserted.

Such delivery of the bank book cannot be upheld as a gift, there being no evidence of any intention on the part of the owner to make a gift.

APPEAL by the defendant, J. Sherwood Corning, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 28th day of April, 1898, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 25th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*J. A. Adlington,* for the appellant.

*Zachary P. Taylor,* for the respondent.

Judgment and order affirmed, with costs, on the opinion of NASH, J., delivered at Trial Term.

All concurred.

The following is the opinion of NASH, J., delivered at Trial Term :

NASH, J. :

Both parties having moved to direct a verdict, it became a question of law for the court to determine upon all of the evidence which of the parties was entitled to recover.

The action is replevin for the recovery of the plaintiff's bank book, delivered in pursuance of, or in accordance with, a writing, executed and delivered by the plaintiff to the defendant, by the terms of which the plaintiff agreed to give to the defendant the sum of $400 and the interest upon a deposit of that sum in the East Side Savings Bank of Rochester, N. Y.

The writing recites that the son of the plaintiff having, while playing with matches, unintentionally set fire to the defendant's buildings, she, of her own free will, desired to make " part payment of the loss " sustained by the act of the plaintiff's son.

The plaintiff's husband was in the defendant's employ as a farm laborer. He was without property. The defendant made a claim

upon the husband for some compensation for his loss. The husband said he had no property. The defendant said to him that his wife had money in the bank, and asked him to speak to her about it, which he refused. The defendant then applied to the plaintiff and asked her if she could not make him some recompense for the loss. She said she had only this $400 her mother left her. That she thought it would be pretty hard to give that up, but that she would do it if she had to. The defendant left with her a writing similar to the one in evidence, and requested her to sign it or write out a paper. She copied it, leaving out something that was said about the fire, signed and gave the paper to the defendant, and delivered to him her bank book.

The plaintiff and her husband are simple-minded English people of apparently the limited information in regard to affairs that is ordinarily found in persons of their station in life, and were without knowledge as to their legal rights. The transfer of the plaintiff's bank book to the defendant was not in fact voluntary, as stated in the writing. While there was no such duress or restraint as would avoid a contract upon that ground, she did not give up her bank book willingly. It was because she felt that she had to do it on account of some supposed legal liability to the defendant for the act of her son. The transfer of the bank book was wholly without consideration, legal or moral, and ought not to be upheld unless some imperative rule of law requires it.

The doctrine of voluntary payment is invoked to sustain the validity of the transfer.

This doctrine proceeds upon the rule that a person cannot yield to an asserted right and pay a sum of money demanded on account of such right, and afterwards maintain an action to recover it back on the ground that he was not legally forced to do the thing demanded. (*Pierson* v. *Crooks*, 115 N. Y. 554.)

The authorities cited in support of the defendant's contention, that the doctrine of voluntary payment is applicable, are all cases where the action was in the nature of an action for money had and received, voluntarily paid upon the compromise of a doubtful claim or payment of a void assessment or a tax paid by the plaintiff which he was under no obligation to pay, because the assessment was void.

In all such cases the courts hold that the doubtful claim or the

illegal assessment or tax must be resisted; if paid voluntarily, with full knowledge of the facts, the money cannot be recovered back.

Here the agreement to pay and the transfer of the bank book were not made in satisfaction of a claim which could have been properly made the subject of a compromise, or which was of doubtful validity. The promise to pay, pursuant to which the bank book was delivered, is without foundation in law. The plaintiff did not yield to an asserted right; there was no right or pretense of right of the defendant to the payment. The transfer of the bank book was made because of some supposed liability where there was none, and where no claim of right could have been asserted.

It is suggested that there being an agreement to give and a delivery of the bank book, it may be upheld as a gift. There being no intention of the plaintiff to make a gift, it cannot be regarded as such.

In equity and good conscience the bank book belongs to the plaintiff; and without an authority precisely in point adverse to the plaintiff's right to recover, I am of the opinion that the plaintiff was entitled to the direction of a verdict awarding to her the possession of her property.

The case is not embarrassed by any claim made in behalf of the defendant that an action by the plaintiff to recover possession of the bank book is not the proper remedy.

Motion for a new trial upon the minutes denied.